IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| Patricia Howell,<br><br>Plaintiff,<br><br>v.<br><br>Department of the Treasury and Internal Revenue Service,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER OF DISMISSAL**<br><br>Case No. 2:19-cv-00357-HCN-PMW<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

On May 21, 2019, Plaintiff Patricia Howell filed this action against the Department of the Treasury and the Internal Revenue Service. *See* Dkt. No. 1 at 5. On June 24, 2019, Plaintiff filed proof of service. *See* Dkt. No. 5. Both filings were signed by Samuel Howell, to whom she has given power of attorney, *see* Dkt. No. 1-7. These are the only filings that Plaintiff has made in this case.

On August 15, 2019, Defendants moved to dismiss on the ground that Samuel Howell, who they claim is Plaintiff's husband and not an attorney, cannot sign papers on behalf of his wife. *See* Dkt. No. 6. Plaintiff did not respond to this motion. On September 18, 2019, the court ordered Plaintiff to propose a schedule for this case. *See* Dkt. No. 12. Plaintiff failed to do so or respond in any way. On March 6, 2019, Chief Magistrate Judge Warner issued a Report and Recommendation recommending that Defendants' motion be granted and that Plaintiff's case be dismissed. *See* Dkt. No. 14. Chief Judge

Warner ordered that Plaintiff must file any objections to the Report and Recommendation within 14 days and that "[f]ailure to object may constitute waiver of objections upon subsequent review." *Id*. Plaintiff did not file any objection or otherwise respond. On April 7, 2020, this court ordered Plaintiff to "file a brief showing cause why this case should not be dismissed for failure to prosecute" before April 21, 2020. *See* Dkt. No. 17. As of April 27, 2020, Plaintiff has not done so, nor has she provided any response whatsoever.

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action, *sua sponte*, if "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). In addition, courts have inherent authority to clear their "calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). As the Tenth Circuit has explained, dismissal for failure to prosecute is the "standard" way to clear "deadwood from the courts' calendars" resulting from plaintiffs' "prolonged and unexcused delay." *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988). This court's local rules thus provide that "if good cause is not shown within the time prescribed by the order to show cause, the court may enter an order of dismissal with or without prejudice, as the court deems proper." DUCivR 41-2. Generally, "a district court may, without abusing its discretion, enter a [Rule 41(b) dismissal without prejudice] absent attention to any

particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents, Arapahoe Cnty. Justice,* 492 F.3d 1158, 1162 (10th Cir. 2007).[1]

Plaintiff has failed to respond in any way to Defendant's motion to dismiss, the court's order to propose a schedule, Chief Judge Warner's Report and Recommendations, or the court's order to show cause why her case should not be dismissed for failure to prosecute. Indeed, since filing proof of service in June 2019, Plaintiff has not made any additional filings or communicated with the court at all. And Plaintiff's failure to respond has continued despite the clear notice afforded by this court's show cause order that her case was subject to dismissal for failure to prosecute.

The court finds that Plaintiff has failed to (1) prosecute her case; (2) comply with this court's orders; or (3) show good cause why her claims should not be dismissed. The court will thus dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41-2. In the interest of justice, dismissal will be without prejudice.

It is therefore ordered that:

1. Plaintiff's claim is DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 41(b) and DUCivR 41-2 based on Plaintiff's failure to prosecute,

---

[1] When dismissal is with prejudice—either by its terms or in effect—the court must consider "(1) the degree of actual prejudice to [Defendant]"; (2) "the amount of interference with the judicial process"; (3) the litigant's culpability; (4) whether the court warned the noncomplying litigant that dismissal of the action was a likely sanction; and (5) "the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotation marks omitted). Although the court dismisses Plaintiff's complaint without prejudice, the court finds that these factors would support dismissal with prejudice, especially given Plaintiff's failure to respond to multiple orders, including the order to show cause why her case should not be dismissed for lack of prosecution.

failure to comply with the court's orders, and failure to show cause why her claims should not be dismissed;

2. The Clerk of the Court shall terminate Civil Action No. 2:19-cv-00357; and

3. Each party shall bear her or its own costs.

Dated this 29th Day of April, 2020.

By the Court:

_____
Howard C. Nielson, Jr.
United States District Judge